CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN SHELD, ELLEN SHELD,<br><br>Plaintiffs,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation, PATENAUDE & FELIX, A.P.C. a California corporation, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, a foreign entity, DOES I-V inclusive, and ROE Corporations VI-X, inclusive,<br><br>Defendants. | CASE NO.:   2:15-cv-1140<br><br>**COMPLAINT**<br><br>[Eight Person Jury Demanded] |

## PRELIMINARY STATEMENT

1. This is a claim for actual and statutory damages brought by the named plaintiffs, SUSAN SHELD ("Susan") and ELLEN SHELD ("Ellen") (hereinafter collectively referred to as Plaintiffs or the "Shelds"), against Defendants NCO FINANCIAL SYSTEMS, INC., (hereinafter "NCO"), PATENAUDE & FELIX, A.P.C. (hereinafter "P&F") and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1 (hereinafter "NCT") (collectively referred to as Defendants) of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §1692, *et seq.*, and Nevada Revised Statutes (hereinafter "NRS"), Chapters 598 *et seq.*, and 649 *et seq.*, as amended, and common law torts (hereinafter "State Acts"), all of which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

2. The United States Congress has found abundant evidence of the use of

abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

**JURISDICTION AND VENUE**

3.   Jurisdiction of this Court is invoked under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367. Venue in this District is proper because Plaintiffs reside in Nevada and Defendant's collection communications and acts occurred in Nevada and Defendant does or transacts business in Nevada.

**PARTIES**

4.   Plaintiff Susan Sheld is a natural person who resides in Clark County, Nevada and is the mother of Susan Sheld.

5.   Plaintiff Ellen Sheld is a natural person who resides in Clark County, Nevada and is the daughter of Susan Sheld.

6.   Plaintiffs are allegedly obligated to pay a debt and are "consumer(s)" as that term is defined by 15 U.S.C.§ 1692a(3).

7.   Defendant NCO is a Pennsylvania corporation and is engaged in the business of collection of consumer debts and hiring attorneys to file and maintain civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. Plaintiffs are informed and believe and thereon allege that NCO directs and manages litigation on behalf of entities such as NCT, by referring NCT's cases to law firms such as P&F. Plaintiffs are informed and believe and thereon allege that NCO claims to be the Subservicer on behalf of NCT and similar student loan trusts

- 2 -

and claims to be the dedicated custodian of records for the trusts. As such, NCO executes affidavits regarding account documents, verifies responses to discovery and provides testimony on behalf of the student loan trusts. Plaintiffs are informed and believe and thereon allege that NCO provided information about Plaintiffs to P&F which was intended to, and was used, in an attempt to collect consumer debt. Specifically, Plaintiffs are informed and believe and thereon allege that NCO provided residence address information to P&F and NCO provided documents to P&F purporting to establish that Plaintiffs were in a Debtor-Creditor relationship with NCT, to ratify and support P&F's attempt to collect consumer debt from Plaintiffs. NCO provided an affidavit signed by one of its employees to be filed in the Eighth Judicial District Court for the purpose of proving up Plaintiffs' alleged debt. NCO regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. NCO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8. Defendant P&F is a foreign professional corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business is San Diego, California and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). P&F uses an instrumentality of interstate commerce and the mails to conduct its principal business of collecting consumer debts, including Plaintiffs' alleged debt.

9. Defendant NCT is allegedly a Delaware statutory trust engaged in the business of collecting debts in this State with its principal place of business located in Delaware. Plaintiffs are informed and believe and thereon allege that NCT has no employees or officers but acts only through its servicer or subservicer.

10. Plaintiffs are unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE Corporations VI-X, sued herein inclusive, and therefore sues Defendants by such

1 fictitious names.

2     11.    Plaintiffs are informed and believes, and thereon alleges, that each of the 3 Defendants designated herein as DOES I-V and ROE Corporations VI-X, are in some 4 way legally responsible and liable for the events referred to herein, and proximately 5 caused the damages alleged herein.

6     12.    Plaintiffs pray leave to insert said Defendants' true names and legal 7 capacities when ascertained.

8     13.    At all times material hereto, and in doing the acts and omissions alleged 9 herein, the Defendants and each of them, including DOES I-V and ROE Corporations 10 VI-X, acted individually and/or through their officers, agents, employees, and 11 coconspirators, including the fictitious Defendants named herein, each of whom was 12 acting within the purpose and scope of that agency, employment and conspiracy, and 13 said acts and omissions were known to, and authorized and ratified by, each of the other 14 Defendants.

15     14.    Plaintiffs are informed and believe and thereon allege that at all times 16 mentioned herein each of the Defendants sued herein was the owner, partner, 17 shareholder, manager, officer, director, agent, servant, and employee of his, her or its 18 co-Defendants and in doing the things hereinafter mentioned was acting in the scope of 19 his, her or its authority as such owner, partner, shareholder, manager, officer, director, 20 agent, servant and employee, and with the permission, consent and/or ratification of 21 his, her or its Defendants; and that each of said fictitiously named defendants, whether 22 an individual, corporation, association or otherwise, is in some way liable or responsible 23 to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages 24 proximately thereby as hereinafter alleged.

25     15.    All conduct of NCO and/or P&F and/or NCT and/or Doe and/or Roe 26 Corporation Defendants as alleged herein was on each other's behalf, within the course 27 and scope of agency each for the other; each was alter ego for the other and/or was in a 28 partnership or joint venture with the other, and all conduct of each was within the

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

course and scope of that agency, alter ego, partnership and/or joint venture, and as such, the corporate fiction should be disregarded.

**FACTUAL ALLEGATIONS**

16. Plaintiffs repeat, reallege and incorporate paragraphs 1 through 13, above as if fully set out herein.

17. Sometime before February 8, 2007, Plaintiffs are alleged to have incurred certain financial obligations to Bank of America, NA.

18. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and NRS 649.010.

19. On or about January 24, 2008, Plaintiffs allegedly failed to make payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to the validity of the putative debt claim.

20. Plaintiffs are informed and believe and thereon allege that sometime after the alleged default occurred, on a date presently unknown to Plaintiffs, the alleged debt was transferred by the original creditor, Bank of America, NA, and later claimed by an entity known as Defendant NCT.

21. Plaintiffs are informed and believe and thereon allege that on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to Defendants NCO and NCT for collection from Plaintiffs.

22. On March 27, 2013, P&F filed a complaint and had summonses issued against the Shelds (in the Eighth Judicial District Court), not in the name of Bank of America, NA or NCO, but in the name of NCT. ("State Court action").

23. The State Court action was for breach of contract and account stated .

24. On or about June 24, 2014, P&F, on behalf of NCT (and NCO), filed in the State Court action "Plaintiff's Opposition to Defendant's Motion to Dismiss and Motion to Amend Complaint ("opposition to motion to dismiss/motion to amend"), which included as an exhibit the "Note Disclosure Statement/ Non-Negotiable Credit

- 5 -

Agreement", dated February 1, 2007, which purported to be the loan agreement entered into between Plaintiffs and Bank of America, NA (hereinafter the "Loan Agreement"). Plaintiffs did not have a copy of the Loan Agreement and they are informed and believe, and thereon allege that they were not given a copy of the Loan Agreement when it was entered into and that this was the first time they had seen the complete Loan Agreement since it was signed.

25. At section L(1) of the Loan Agreement, under the heading "ADDITIONAL AGREEMENTS," the following choice of law provision is set forth:

> 1. I understand that you are located in California and that this Credit Agreement will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS CREDIT AGREEMENT WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF CALIFORNIA, WITHOUT REGARD TO CONFLICT OF LAW RULES. (Emphasis in original.)

26. Plaintiffs are informed and believe, and thereon allege that the statute of limitations in California for breach of contract and account stated is no longer than four (4) years from the date of default.

27. On or about July 31, 2014, Plaintiffs, in the State Court action, pointed out to Defendants in their Reply Supporting Plaintiff's Opposition to Their Motion to Dismiss Complaint and Defendants' Opposition to Plaintiff's Motion to Amend Complaint ("reply supporting motion to dismiss/opposition to motion to amend"), that the complaint in the State Court action was filed more than four (4) years after Defendants alleged the default took place in the opposition to motion to dismiss/motion to amend.

28. Rather than dismissing the complaint in the State Court action upon receipt of Plaintiffs' reply supporting motion to dismiss/opposition to motion to amend, Defendant continued to litigate the state court action for the next six months, which amounted to a continuing course of unlawful conduct which extended over a period of time. The State Court action concluded with the Court's decision to dismiss the complaint without leave to amend, based upon the choice of law provision in the Loan

- 6 -

Agreement which mandated that California law be used with respect to the breach of contract and account stated claims; and consequently the four (4) year time period expired before the complaint in the State Court action was filed.

29. As a direct and proximate result of Defendants' actions, the Shelds suffered actual damages in hiring an attorney to defend them in the State Court action, and in experiencing anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, loss of sleep, stress, and anger.

# FIRST CLAIM FOR RELIEF
## Violations of Federal Fair Debt Collection Practices Act
## (Against Defendants NCO and P&F)

30. Plaintiffs reallege and incorporate paragraphs 1 through 29 above as if fully set out herein.

31. Defendants, by commencing, serving and maintaining the state court action, even though they knew, should have known, or negligently overlooked the fact that the Loan Agreement in their own possession indicated that the state court action was barred by the applicable statute of limitations, is a violation of the FDCPA, 15 U.S.C. §1692e, e(2), e(5), e(10), and (f).

32. Defendants, by commencing and maintaining the State Court action in the name of an entity whose name was not on the Loan Agreement nor any previous communications with the Shelds, and to which Defendants did not provide any evidence of an assignment of the alleged past due balance, violated the FDCPA, 15 U.S.C. §1692e, e(2), e(10) and f.

33. As a result of the above acts and omissions, the Shelds have suffered damages including, but not limited to, attorneys fees and costs incurred in defending themselves in the State Court action,[1] anxiety, indignation, irritability, nervousness, fear,

---

[1] *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D.Ind. 2005) (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); *Lowe v.*
(continued...)

- 7 -

worry, loss of happiness, headaches, loss of sleep, stress, and anger, and are entitled to their actual damages, statutory damages, exemplary damages, fees and costs.

## SECOND CLAIM FOR RELIEF

## Violation of Nevada Deceptive Trade Practices Act

## (Against all Defendants)

34.   Plaintiffs reallege and incorporate paragraphs 1 through 33 above as if fully set out herein.

35.   Defendants have violated the Nevada Deceptive Trade Practices Act ("NDTPA") by violating provisions of NRS Chapters 598 *et seq.*, and 649 *et seq.*, by using any device, subterfuge, pretense or deceptive means or representations to collect any debt.

36.   NRS 598 (NDTPA) and NRS 649 (collection agency practices), in tandem, allow a state claim for deceptive trade practices where the collection agency engages in harassing tactics.  Specifically, NRS 649.370 *Violation of federal Fair Debt Collection Practices Act*, states: "A violation of any provision of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1682[sic] et seq., or any regulation adopted pursuant thereto, shall be deemed to be a violation of this chapter."[2]

---

[1](...continued)
*Elite Recovery Solutions, L.P.*, 2008 WL 324777 (E.D.Cal. Feb. 4, 2008).

[2] 1 N.R.S. 41.600 allows for an action by victims of consumer fraud. It states in pertinent part:
1. An action may be brought by any person who is a victim of consumer fraud.
2. As used in this section, "consumer fraud" means:
* * *
   (d)  A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.

NRS 598.0923(4) defines deceptive trade practices as conducting a business by using "coercion, duress or intimidation in a transaction;" NRS 598.092(8) defines deceptive trade practices as "knowingly misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction;" and NRS 598.0915(15) defines deceptive trade practices as "knowingly mak[ing] any other false representation in a transaction."

Furthermore, NRS 598.0953 states that the specific deceptive trade practices defined in NRS 598.0915 to 598.0925, inclusive, "are in addition to and do not limit the types of unfair trade practices actionable at common law or defined as such in other statutes in this state (emphasis added)." NRS §§ 649.370 and 649.375 pertains to prohibited acts of collection agencies.

(continued...)

37.  Defendants acted in bad faith and unfairly with the intent to deprive Plaintiffs of their rights or property. Furthermore, Defendants knew of the probable harmful consequences of their wrongful acts and engaged in a willful and deliberate failure to act to avoid those consequences.

38.  As a result of the above acts and omissions, the Shelds have suffered damages including, but not limited to, attorneys fees and costs incurred in defending themselves in the State Court action, anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, loss of sleep, stress, and anger, and are entitled to their actual damages, statutory damages, exemplary damages, fees and costs.

### THIRD CLAIM FOR RELIEF

### Negligence

### (Against all Defendants)

39.  Plaintiffs reallege and incorporate paragraphs 1 through 38 above as if fully set out herein.

40.  State and Federal statutes and regulations set forth herein establish the parameters of Defendants' duty of due care with regard to the Shelds.

41.  Defendants breached their duty of due care with regard to the Shelds by the conduct alleged herein.

42.  Defendants' breaches of their duty of due care to the Shelds as described herein were the proximate cause of resulting injury to Plaintiffs.

43.  As a result of Defendants' breaches of their duty of due care to the Shelds, the Shelds have suffered damages including, but not limited to, attorneys fees and costs incurred in defending themselves in the State Court action, anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, loss of sleep, stress, and anger, and are entitled to their actual damages, statutory damages, exemplary

---

[2](...continued)
Thus, a judgment finding Defendant violated any of the provisions of the FDCPA, would also establish that it engaged in harassing conduct toward Plaintiffs.

damages, fees and costs.

**DEMAND FOR JURY TRIAL**

44. Please take notice that Plaintiffs demand trial by jury in this action.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant for the following:

A. Actual damages;

B. Statutory damages;

C. Exemplary damages;

D. Costs and reasonable attorney fees for all services performed by counsel in connection with the prosecution of this claim; and

E. For such other and further relief as may be just and proper.

DATED this 16th day of June 2015.

Respectfully submitted by:

/s/ *Craig Friedberg*
CRAIG B. FRIEDBERG, ESQ.

*Attorney for Plaintiffs*