SHANNON G. SPLAINE, ESQ.
Nevada Bar No. 8241
**LINCOLN, GUSTAFSON & CERCOS, LLP**
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.257.1997
Facsimile:   702.257.2203
ssplaine@lgclawoffice.com

Attorneys for Defendants,
National Collegiate Trust 2007-1 and
NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN SHELD and ELLEN SHELD<br><br>Plaintiffs,<br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation, PATENAUDE & FELIX, A.P.C. a California corporation, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, a foreign entity, DOES I-V inclusive, and ROE Corporations VI-X inclusive<br><br>Defendants. | Case No.: 2:15-cv-1140<br><br>**DEFENDANT NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant, National Collegiate Student Loan Trust 2007-1 (hereinafter NCSLT), by and through undersigned counsel, responds to the Complaint filed by plaintiffs, Susan and Ellen Sheld, as follows:

**PRELIMINARY STATEMENT**

1. NCSLT admits plaintiffs purport to assert claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and Nevada law, but denies any wrongdoing, liability, or violations of law to the extent alleged in ¶ 1.

2. The allegations in ¶ 2 are not directed towards NCSLT and do not require an affirmative response, but to the extent a response is required, NCSLT denies any wrongdoing, liability, or violations of law to the extent alleged in ¶ 2.

///

-1-

## JURISDICTION AND VENUE

3. NCSLT admits the allegations in ¶ 3 for jurisdictional and venue purposes only.

## PARTIES

4. NCSLT denies the allegations in ¶ 4 for lack of sufficient information to justify a reasonable belief therein.

5. NCSLT denies the allegations in ¶ 5 for lack of sufficient information to justify a reasonable belief therein.

6. NCSLT denies the allegations in ¶ 6 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

7. NCSLT admits that it had a servicing relationship with NCO Financial Systems, Inc., to assist in the collection of NCSLT accounts. Except as specifically admitted, NCSLT denies the allegations in ¶ 7 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

8. NCSLT denies the allegations in ¶ 8 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

9. NCSLT admits the allegations in ¶ 9.

10. NCSLT denies the allegations in ¶ 10 for lack of sufficient information to justify a reasonable belief therein.

11. NCSLT denies the allegations in ¶ 11 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

12. NCSLT denies the allegations in ¶ 12 for lack of sufficient information to justify a reasonable belief therein.

13. NCSLT denies the allegations in ¶ 13 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

14. NCSLT denies the allegations in ¶ 14 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

15. NCSLT denies the allegations in ¶ 15.

///

# FACTUAL ALLEGATIONS

16. NCSLT reasserts the foregoing as if fully incorporated herein.

17. NCSLT denies the allegations in ¶ 17.

18. NCSLT denies the allegations in ¶ 18 as calling for a legal conclusion.

19. NCSLT denies the allegations in ¶ 19.

20. NCSLT denies the allegations in ¶ 20.

21. NCSLT admits that it purchased the plaintiffs' account from Bank of America and the account was serviced by NCO. Except as specifically admitted, NCSLT denies the allegations in ¶ 21.

22. NCSLT admits the allegations in ¶ 22 upon information and belief.

23. NCSLT denies the allegations in ¶ 23 for lack of sufficient information to justify a reasonable belief therein.

24. NCSLT denies the allegations in ¶ 24 for lack of sufficient information to justify a reasonable belief therein.

25. NCSLT admits the allegations in ¶ 25 upon information and belief.

26. NCSLT denies the allegations in ¶ 26 as calling for a legal conclusion.

27. NCSLT denies the allegations in ¶ 27 for lack of sufficient information to justify a reasonable belief therein.

28. NCSLT denies the allegations in ¶ 28.

29. NCSLT denies the allegations in ¶ 29.

# FIRST CLAIM FOR RELIEF

30. NCSLT reasserts the foregoing as if fully incorporated herein.

31. NCSLT denies the allegations in ¶ 31.

32. NCSLT denies the allegations in ¶ 32.

33. NCSLT denies the allegations in ¶ 33.

31. NCSLT denies the allegations in ¶ 31.

# SECOND CLAIM FOR RELIEF

34. NCSLT reasserts the foregoing as if fully incorporated herein.

1   35.   NCSLT denies the allegations in ¶ 35.
2   36.   NCSLT denies the allegations in ¶ 36 as calling for a legal conclusion.
3   37.   NCSLT denies the allegations in ¶ 37.
4   38.   NCSLT denies the allegations in ¶ 38.

### THIRD CLAIM FOR RELIEF

6   39.   NCSLT reasserts the foregoing as if fully incorporated herein.
7   40.   NCSLT denies the allegations in ¶ 40 as calling for a legal conclusion.
8   41.   NCSLT denies the allegations in ¶ 41.
9   42.   NCSLT denies the allegations in ¶ 42.
10  43.   NCSLT denies the allegations in ¶ 43.

### DEMAND FOR RELIEF

12  44.   NCSLT denies that plaintiff is entitled to the relief sought.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Defendant alleges Plaintiffs' Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Defendant alleges Plaintiffs knowingly and voluntarily released and/or waived his right to obtain any or all of the relief sought in the complaint.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, Defendant alleges that assuming Plaintiffs have suffered any injury as the result of conduct by Defendants, which is expressly denied, Plaintiffs have failed to mitigate her damages, and to the extent of such failure to mitigate, damages awarded to Plaintiffs, if any, should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, Defendants allege Plaintiffs' claims may be barred in whole or in part by the doctrines of estoppel and/or laches.

///

## FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, Defendant alleges that Plaintiffs' claims are barred by the litigation privilege.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, any harm suffered by Plaintiffs was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCSLT, or for whom NCSLT is not responsible or liable.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, Defendant alleges it currently has insufficient information as to whether it has additional affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event investigation and discovery indicate such defenses would be appropriate.

WHEREFORE, NCSLT respectfully requests that:

1. Plaintiffs take nothing by way of their Complaint;

2. Judgment of dismissal be entered in favor of NCSLT;

3. NCSLT be awarded costs and attorney's fees it has incurred in defending this lawsuit; and

4. NCSLT be granted such other and further relief as the Court deems just and proper.

DATED this 19th day of November, 2015.

LINCOLN, GUSTAFSON & CERCOS, LLP

SHANNON G. SPLAINE, ESQ.
Nevada Bar No. 8241
3960 Howard Hughes Parkway
Suite 200
Las Vegas, Nevada  89169-5968
Attorneys for Defendants,
National Collegiate Trust 2007-1 and
NCO Financial Systems, Inc.

**PROOF OF ELECTRONIC SERVICE**

I hereby certify that on this 19th day of November, 2015, I caused a true copy of **DEFENDANT NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** to be e-filed and e-served through the Official Court Electronic Filing System – CM/ECF to all other counsel of record as follows:

Craig B. Friedberg, Esq.
Law Offices of Craig B. Friedberg
4760 South Pecos Road, Suite 103
Las Vegas, NV 89121

Westley Villanueva
Patenaude & Felix, APC
7271 W. Charleston Blvd, Suite 100
Las Vegas, NV 89117

Staci D. Ibarra, an employee
of THE LAW OFFICES OF
LINCOLN, GUSTAFSON & CERCOS, LLP