UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SUSAN SHELD and ELLEN SHELD, | 2:15-cv-01140-JCM-VCF |
| Plaintiffs, | **ORDER** |
| vs. | |
| NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation, PATENAUDE & FELIX, A.P.C., a California corporation, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-I, a foreign entity, DOES I-V inclusive, and ROE Corporations VI-X inclusive, | MOTION FOR LEAVE TO AMEND (#13) |
| Defendants. | |

Before the court is Defendants' NCO Financial Systems, Inc.'s ("NCO") and National Collegiate Student Loan Trust 2007-I's ("NCSLT") Motion for Leave to Amend (#13) their answers to Plaintiffs' Complaint (#1). Plaintiffs Susan Sheld and Ellen Sheld filed a Response (#16), and defendants filed a Reply (#17). For the reasons stated below, the Defendants motion is granted.

**I.   BACKGROUND**

On June 17, 2015, Plaintiffs filed their complaint against NCO and NCSLT. (#1). Plaintiffs alleged negligence, deceptive trade practices, and violations of the Fair Debt Collection Practices Act ("FDCPA"). On November 19, 2015, Defendant NCO filed its answer. (#7). On November 19, 2015, Defendant NCSLT filed its answer. (#9). On February 18, 2016, Defendants filed a motion for leave to amend their answers to include a statute of limitations affirmative defense. (#13). On March 7, 2016, the

court granted a stipulation allowing Plaintiffs more time to respond to Defendant's motion. (#15). On March 21, 2016, a response was filed. (#16). On March 28, 2017, Defendants filed a reply. (#17).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. *See* FED. R. CIV. P. 15. Where, as here, more than twenty-one days have elapsed since serving the original pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In the Ninth Circuit, courts deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008).

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.     DISCUSSION

Here, Defendants' motion for leave to amend would not be futile. Plaintiffs argue Defendants' motion is futile because Defendant's proposed statute of limitations defense would not survive a motion to dismiss. This is not the appropriate standard. Plaintiffs have not shown Defendant's proposed statute of limitations defense lacks a legal or factual basis. Defendant will be granted an opportunity to test their

\\\

\\\

\\\

\\\

statute of limitations defense on the merits.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion for Leave to Amend (#13) is GRANTED. The amended answer must be filed on or before May 11, 2016.

IT IS SO ORDERED.

DATED this 4th day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE